IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DENISE SANDERS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 3:15-cv-338-CSC |
| | ) (WO) |
| CAROLYN W. COLVIN, | ) |
| ACTING COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant | ) |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 et seq. and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner[1] of Social Security (Commissioner). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

1

now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3).[2]  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[3] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2]  Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[3]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

### III.  The Issues

**A.  Introduction.**  The plaintiff was 54 years old at the time of the hearing before the ALJ and has a high school education.  The plaintiff's prior work experience includes work as a cashier, cleaner, directory assistance operator and a loan officer.  (R. at 46)  Following the administrative hearing, the ALJ concluded that the plaintiff has severe impairments of depression and anxiety.  (R. at 42)  Nonetheless, the ALJ concluded that the plaintiff was not disabled because the plaintiff has the residual functional capacity to perform work available in the national economy.  (R. at 47)

**B.  The Plaintiff's Claims.**  The plaintiff raises three claims which, as stated by the plaintiff, are as follows.

1.  The administrative law judge erroneously rejected the opinion of a Treating Psychiatrist, and the opinion deserved at least "deferential" or "great" if not "controlling weight."

2.  The administrative law judge erroneously rejected the opinion of a State Agency Examining Psychologist.

3.  The administrative law judge failed to mention, much less adequately evaluate the opinion of a State Agency Record-Reviewing Psychologist.

(Doc. # 14 at 1).

### IV.  Discussion

**A.  Introduction**.  A disability claimant bears the initial burden of demonstrating an inability to return to his past work.  *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990).  In determining whether the claimant has satisfied this burden, the Commissioner is

guided by four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and her family or friends; and (4) the claimant's age, education, and work history.  *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983).  The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review.  *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981).  The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added).  Within this analytical framework, the court will address the plaintiff's claims.

**B. Treating Psychiatrist Opinion**.  Sanders argues that the ALJ improperly rejected the opinion of her treating psychiatrist.  On February 13, 2014, Ms. Sanders' treating psychiatrist at EAMHC, Baowu Wang, MD, prepared a brief letter stating:

> Ms. Denise Sanders is under my care for her mental condition. She has severe anxiety in public and has severe mood swings. She is unable to work with her current mental health condition.

(R. at 582)

The ALJ gave little weight to Dr. Wang's opinion.

> As for the opinion evidence, expressed by Dr. Wang . . . that the claimant is unable to work (Exhibit 16-F), the undersigned gives little weight to this

5

>  opinion as this is an opinion reserved for the Commissioner.  Records from Dr. Wang do not support this finding.

(R. at 46)

First, Sanders quibbles with the ALJ's application of 20 CFR §404.1527 arguing judgments about the nature and severity of a person's impairments are what the Commissioner considers when making the ultimate decision about whether a person is disabled.  Of course, a "medical opinion," must be from a physician, psychologist, or other acceptable source and "reflect judgments about the nature and severity of [the claimant's] impairments(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). But a doctor's opinion on a dispositive issue reserved to the Commissioner, such as whether the claimant is disabled or unable to work, is excluded from the definition of a medical opinion and is not given special weight, but an ALJ should still consider the opinion. 20 C.F.R. § 404.1527(d).  It is not at all apparent that the ALJ considered Dr. Wang's opinion in that light, but if that was error, it was harmless error.  Although the testimony of a treating physician is generally entitled to "substantial or considerable weight," the ALJ may discount that testimony when there is "good cause." *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding." *Id*. A court is not to second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it. *See Moore v. Barnhart*, 405 F.3d 1208,

1212 (11th Cir. 2005). The ALJ stated that Dr. Wang's records don't support his conclusion. Not only is that rationale sufficient, *see Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822–23 (11th Cir. 2015), it is fully supported in the record. Various progress notes from Sanders' visits to the East Alabama Mental Health Center show that while she remained depressed she was making progress coping except when she was not taking her medications. For example, during the latter part of 2013 she had increased social interaction, reduced depression and anxiety and was handling conflict with relatives better. (R. at 576, 571, 568, 562 and 558)

Sanders cherry picks the record to support her position, but after reviewing the medical records, the court concludes that overall, Sanders' records show she was progressing in her treatment. The ALJ's reasons for discounting Dr. Wang's opinion might have been more fully developed, but the court's review of the medical records confirms the ALJ's conclusions.

**C.   State Agency Examining Psychologist**.   Sanders contends that the ALJ improperly rejected the conclusion of Dr. Scott Stewart, a consultative psychologist. This is his full summary and conclusions.

> Ms. Sanders was able to understand the basic directions and intent of the examination. She appears to lack the interpersonal skills required to relate to others in a work setting. She seems able to sustain the attention needed to do repetitive tasks, but lacks the ability to handle the day-to-day pressures of a work environment. She appears capable of managing her own funds as she has the minimal level of general intelligence, basic skills in arithmetic, and social judgment that is consistently needed. She is presenting with symptoms associated with PTSD and Major Depressive Disorder. Prognosis is guarded for a favorable response to treatment within the next 6 to 12 months. She is motivated for treatment and was fully cooperative with

7

the examination process. It is felt that the information received during this evaluation, and upon which this report is based, is fully reliable.

(R. at 487)

The ALJ rejected Dr. Stewart's opinion because the "objective findings do not support this conclusion." (R. at 46) Relying on Social Security Ruling 85-15, Sanders argues that the ALJ's "summary rejection" of Dr. Stewart's opinion shows the ALJ failed to appreciate the difficulty the mentally impaired have in accommodating the demands of the workplace. The ALJ concluded that Sanders had the residual functional capacity

> to perform a full range of work at all exertional levels but she can perform only simple tasks, cannot work with the general public or at jobs requiring more than occasional interaction with co-workers and supervisors. Finally, the claimant could not work at job (sic) requiring her to meet rigid productions quotas.

(R. at 44)

SSR 85-15 states in relevant part that

> Where there is no exertional impairment, unskilled jobs at all levels of exertion constitute the potential occupational base for persons who can meet the mental demands of unskilled work. These jobs ordinarily involve dealing primarily with objects, rather than with data or people, and they generally provide substantial vocational opportunity for persons with solely mental impairments who retain the capacity to meet the intellectual and emotional demands of such jobs on a sustained basis.

It is apparent that the ALJ fully considered Sanders' mental impairments in his residual functional capacity determination, restricting her to jobs which limited her association with the public or co-workers and not requiring her to meet production goals. Thus, the ALJ complied with the requirements of SSR 85-15.

Sanders also faults the ALJ for failing to consider her PTSD or panic attacks and for his cursory evaluation of Dr. Stewart's opinion. While Sanders has been diagnosed with PTSD and possible panic attacks, there is scant discussion in the medical records as a whole as to how those conditions cause her difficulties different from her depression and anxiety. The ALJ did not err in failing to discuss those conditions separately from Sanders' primary impairments. Finally, the ALJ's cursory rejection is not error. Until Dr. Stewart's summary and conclusions there is no mention in his evaluation of Sanders' stress or how his conclusion about her ability to function in a work environment follows from his evaluation. Dr. Stewart's cursory evaluation and conclusion undoubtedly begat the ALJ's cursory treatment of his opinion. Moreover, Dr. Stewart's guarded prognosis about favorable response to treatment is undercut by the East Alabama Mental Health Center records which show Sanders was responding to treatment. Sanders fails to show that the ALJ erred with respect to his findings about Dr. Stewart's opinions.

**D.   The State Agency Psychiatrist's Review**.  On October 26, 2012, a state agency psychiatrist reviewed the medical records submitted by Sanders in support of her claim for disability. Based on that review, the psychiatrist made a number of conclusions. Central to Sanders' last issue is a sentence contained in the following paragraph of the psychiatrist's report.

> CMT COULD CARRY OUT SIMPLE INSTXN AND SUSTAIN ATTENTION TO SIMPLE TASKS FOR EXTENDED PERIODS. CMT WOULD BENEFIT FROM A FLEXIBLE SCHEDULE AND WOULD BE EXPECTED TO MISS 1-2 DAYS OF WORK PER MONTH DUE TO depressed or anxious mood. CMT WOULD BENEFIT FROM CASUAL SUPERVISION. CMT WOULD FXN BEST W/HER OWN WORK AREAS APART FROM OTHERS to help minimize anxiety. CMT

9

>   COULD TOLERATE ORDINARY WORK PRESSURES BUT SHOULD AVOID EXCESSIVE WORKLOADS, QUICK DECISION MAKING, RAPID CHANGES, AND MULTIPLE DEMANDS. CMT WOULD BENEFIT FROM REGULAR REST BREAKS, AND A SLOWED PACE BUT WILL STILL BE ABLE TO MAINTAIN A WORK PACE CONSISTENT W/THE MENTAL DEMANDS OF COMPETITIVE LEVEL WORK.

(R. at 83)

Sanders complains that the ALJ's failure to mention this review at all in his opinion is reversible error because it violates the requirements of 20 CF.R. §§ 404.1527 and 416.923. The Commissioner argues that the ALJ's error is harmless, and the court agrees.

>   The regulation in pertinent part says this:
>
>   Administrative law judges are not bound by any findings made by State agency medical or psychological consultants, or other program physicians or psychologists. State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists as opinion evidence, except for the ultimate determination about whether you are disabled (see § 404.1512(b)(8)).

20 CF.R. § 404.1527(e)(2)(i).

The state agency psychiatrist's report was part of the evidence before the ALJ. The regulations say the ALJ must consider the evidence; in his opinion, the ALJ said he considered all the evidence in accordance with the applicable regulations and Social Security Rulings. (R. at 40, 44) So, any failure on his part is a failure to explain the weight he gave to the evidence. *See* 20 CF.R. § 404.1527(e)(2)(ii). That error is

10

harmless because the limitations the ALJ imposed on type work Sanders' could do reflect the limitations which the psychiatrist identified in his opinion.

With respect to missing work for two days per month, the psychiatrist's opinion was based on medical records only from 2012 or earlier. As already noted, the records from 2013 show generally that Sanders was improving. Her successful response to treatment is an adequate basis for an ALJ to discount the opinion of a non-examining physician who has not reviewed all of Sanders' medical records. The court will not remand a case on such a slim reed.

Accordingly, the court concludes that the decision of the Commissioner is due to be affirmed.

A separate final judgment will be entered.

Done this 24th day of January, 2017.

       /s/Charles S. Coody
      CHARLES S. COODY
      UNITED STATES MAGISTRATE JUDGE